**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEW HORIZON MEDICAL SOLUTIONS LLC, | Case No.: 2:26-cv-00960-APG-DJA |
| Plaintiff | **Order  (1) to Show Cause Why This Case Should Not Be Remanded for Lack of Subject Matter Jurisdiction and (2) Striking Certificate of Interested Parties** |
| v. | |
| ANDERSON-TURNER NURSING, INC., | |
| Defendant | |

Defendant Anderson-Turner Nursing, Inc. removed this case to this court based on diversity jurisdiction. ECF No. 1.  However, Anderson-Turner does not properly identify the citizenship of plaintiff New Horizon Medical Solutions, LLC.  For diversity purposes, a limited liability company like New Horizon "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Consequently, I cannot determine if complete diversity exists to support jurisdiction.

Additionally, I strike Anderson-Turner's certificate of interested parties because it does not comply with Federal Rule of Civil Procedure 7.1(a)(2).  The certificate does not identify Anderson-Turner's citizenship for diversity purposes as required by that rule.

I THEREFORE ORDER that by April 29, 2026, defendant Anderson-Turner Nursing, Inc. must show cause why this action should not be remanded for lack of subject matter jurisdiction.  Failure to respond to this order by that date will result in the case being remanded to the state court from which it was removed.

I FURTHER ORDER that defendant Anderson-Turner Nursing, Inc.'s certificate of interested parties (ECF No. 3) is STRICKEN.

I FURTHER ORDER defendant Anderson-Turner Nursing, Inc. to file a proper certificate of interested parties by April 29, 2026.

DATED this 1st day of April, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE